IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT  DIVISION


Tiffany Poloschan,                                    ) CIVIL ACTION NO. 9:13-1937-SB-BM
                                                      )
           Plaintiff,               )
                                                      )
v.                                                    )   **REPORT AND RECOMMENDATION**
                                                      )
Francis M. Simon and Beaufort County,                 )
                                                      )
           Defendants.              )
_____)


        This action was originally filed by the Plaintiff in the South Carolina Court of

Common Pleas, County of Beaufort, and was subsequently removed to this Court by the Defendants

based on federal question jurisdiction due to Plaintiff's claim of sexual harassment under Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et. seq.  Plaintiff also alleged several state law

causes of action.  Following removal, Plaintiff filed an Amended Complaint on August 30, 2013.

        On September 9, 2013, the Defendant Simon filed a motion to dismiss pursuant to

Rule 12, Fed.R.Civ.P.  The Defendant Beaufort County thereafter filed its own Rule 12 motion to

dismiss on September 10, 2013.  Plaintiff filed memoranda in opposition to both motions, following



1

which both Defendants filed replies.  Defendants' motions are now before the Court for disposition.[1]

## Allegations of the Amended Complaint

Plaintiff alleges that from on or about April 2012 through on or about May 18, 2012 she was "employed by the Defendants as a Deputy Clerk in the Beaufort County Probate Court". Plaintiff alleges that her supervisor was the Defendant Simon, the Beaufort County Probate Judge. Plaintiff further alleges that at all times relevant hereto the Defendant Simon was a "duly elected official of the Defendant Beaufort County", and was "an employee of the Defendant Beaufort County".  See generally, Amended Complaint, ¶¶ 6-10.

In her First Cause of Action Plaintiff asserts a claim for sexual harassment in violation of Title VII against both Defendants.  Plaintiff alleges that while employed by the Defendants she was "exposed to, and was the victim of, a hostile work environment as a result of sexual harassment by the [male] Defendant Francis M. Simon".  Id., ¶ 14.  Plaintiff has attached to her Complaint, and incorporated therein, a detailing of her claim, including that during her initial interview Simon grabbed her hand and told her that she looked "appetizing"; that after accepting the position he made comments to her such as that working two jobs[2] "can't be good for romance in the sheets" and that "being so tired like you are can't be good for romance"; that Simon talked to her about how he was seeing a young woman that had a "piercing" on her private parts and how it affected the two of them having intercourse, using vulgar language during the course of the

_____

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C.  The Defendants have filed motions to dismiss.  As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2]Plaintiff was also working a job in the evenings.

2



conversation; and that he talked with her about the size of his penis and how he was really great in bed for someone his age.  Plaintiff alleges that after complaining about his conduct, she and Simon had a contentious exit interview and she no longer works at the Probate Court.  <u>See</u> <u>generally</u>, <u>Amended Complaint</u>, Attachment A.  Plaintiff alleges that the Defendant Beaufort County knew, or reasonably should have known, of the pattern of sexual harassment, intimidation or insult engaged in by the Defendant Francis M. Simon as well as others, and failed to take prompt remedial action; that the pattern of sexual harassment, intimidation, or insult engaged in by Simon was so pervasive and long standing that the Defendant Beaufort County possessed not only actual, but constructive, knowledge of the harassment; and that as a result of the acts and conducts of the Defendants, Plaintiff suffered damages.  As part of these allegations, Plaintiff also alleges that the Defendant Beaufort County vested Simon with the authority to grant or deny tangible job benefits to certain employees, including the Plaintiff, and that Simon exercised said authority, reminding Plaintiff and other employees that he could fire them at any time, for any reason, or for no reason at all.  <u>Amended Complaint</u>, ¶ ¶ 15-23.

   In her Second Cause of Action (alleged against the Defendant Beaufort County only), Plaintiff asserts a claim for negligence.  Specifically, Plaintiff alleges that the Defendant Beaufort County, acting through its agents, servants and employees, was "careless, negligent, reckless, willful, or wanton" during and immediately proceeding her employment by failing to adopt an effective policy for the discovery or reporting of sexual harassment committed by elected officials, by failing to properly instruct county employees regarding the detection and reporting of sexual harassment committed by elected officials, by allowing a pervasive atmosphere of sexual harassment emanating



from the Defendant Simon to exist for an extended period of time in the Beaufort County Probate Court, and by failing to "exercise that degree of care, caution and regard for the safety of its employees that a reasonably prudent employer would have exercised under the circumstances then and there existing". Id., ¶ ¶ 40-41.

In her Third Cause of Action, Plaintiff alleges a claim for breach of contract against both Defendants. Specifically, Plaintiff alleges that at the time of her hiring, the Defendants represented and promised, both expressly and impliedly, that Plaintiff's work environment would be free from sexual harassment, intimidation, or insult, and that the Defendants breached that agreement by creating, maintaining, condoning, and failing to correct a working environment in which the Plaintiff, as well as others, were exposed to sexual harassment, intimidation, and insult. Id., ¶ ¶ 25-26.

In her Fourth Cause of Action, Plaintiff asserts a claim for intentional infliction of emotional distress, or "outrage", against both Defendants. In this cause of action, Plaintiff alleges that the conduct engaged in by the Defendants was extreme and outrageous, thereby intentionally or recklessly inflicting severe emotional distress on her such that a reasonable person could not be expected to endure it. Id., ¶ ¶ 29-31.

In her Fifth and final Cause of Action, Plaintiff asserts a claim for defamation against both Defendants. Plaintiff alleges that the Defendant Simon, acting as a servant, agent and employee of the Defendant Beaufort County, represented and published to third persons, including the Plaintiff's co-employees, that the Plaintiff welcomed, encouraged, or was the initiator of the sexual harassment, that these representations and publications by the Defendant were false, were made

4



intentionally, or with reckless disregard of their lack of accuracy, and impugned and attacked the chastity of the Plaintiff, in violation of S.C. Code Ann. § 15-75-10 (2012). <u>Id.</u>, ¶¶ 34-37.

Plaintiff seeks monetary damages. <u>See generally</u>, <u>Amended Complaint</u>, with attached Exhibit A.

### Discussion

As noted, both Defendants have filed motions to dismiss pursuant to Rule 12, Fed.R.Civ.P. When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters in the Complaint to state a plausible claim for relief "on its face". <u>Ashcroft v. Iqbal,</u> 129 S.Ct. 1937, 1949 (2009). For the reasons set forth hereinbelow, the Defendants' motions should be **granted**, in part, and **denied**, in part.

### I.

With respect to the Defendant Beaufort County, this Defendant seeks dismissal as a party Defendant, <u>in toto</u>, because Plaintiff was never at any time an employee of Beaufort County, nor has this Defendant engaged in any outrageous or defamatory conduct. Plaintiff argues in response that she has specifically alleged in her Complaint that she was an employee of the County; <u>see</u> <u>Complaint</u>, ¶¶ 6, 7, 14, 15; and that on a Rule 12 motion to dismiss the Court is required to accept the allegations in the pleading as true. However, the Court is not required, even on a Rule 12 motion to dismiss, to accept bald assertions and conclusions of law that fail to set forth a "plausible" claim for relief. <u>Iqbal</u>, 129 S.Ct. at 1949 [Complaint must state a plausible claim for



relief on its face]; <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.]; <u>Custer v. Sweeney</u>, 89 F.3d 1156, 1163 (4th Cir. 1996)[When considering Rule 12 motion to dismiss, Court need not accept "unwarranted deductions" or "sweeping legal conclusions cast in the form of factual allegations"]; <u>see</u> <u>Frey v. City of Herculaneum</u>, 44 F.3d at 671 ["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"].

        Here, it is clear from the allegations of Plaintiff's Complaint that she was hired by the Defendant Simon, the Beaufort County Probate Judge, and worked in his office.  In South Carolina a county has "no authority over the personnel actions of Probate Court employees" because such employees are "employees of an elected official, the Probate Judge, and [are] not County employees . . . ." <u>Walters v. Orangeburg County</u>, No. 99-1115, 2000 WL 33417008, at * 5 (D.S.C. Aug. 1, 2001)(internal citations omitted); <u>see</u> <u>also</u> <u>Amos-Goodwin v. Charleston County Council</u>, 161 F.3d 1 (4th Cir. 1998)[Finding that employees of the Probate Court were at-will employees of the Probate Judge, and that the authority of the County to employ and discharge County personnel did not extend to any personnel employed in departments or agencies under an elected official]; <u>Fields v. Beaufort County, et al.</u>, C.A. No. 9:08-3966, at Doc. No. 102 (D.S.C. Feb. 25, 2010). Plaintiff has cited to no legal authority, nor to any factual allegations in her Complaint, to establish that she would in any way have a "plausible" claim that she was an employee of Beaufort County during the time period at issue.

        Therefore, as Beaufort County was not Plaintiff's "employer" for purposes of a Title VII civil rights action, the County is entitled to dismissal as a party Defendant from Plaintiff's First



Cause of Action for sexual harassment.  Walters, 2000 WL 33417008, at * 2 ["A Defendant must be an employer within the definition of Title VII as a jurisdictional prerequisite to the maintenance of a Title VII action"]; see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ["While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"]; see also Iqbal, 129 S.Ct. at 1949-1950 ["[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"].

Since Plaintiff did not work for Beaufort County and Beaufort County was not her employer, she also cannot maintain a negligence claim against this Defendant for allegedly failing to adopt an effective policy for the discovery and reporting of sexual harassment, or for allowing a pervasive atmosphere of sexual harassment to exist in Judge Simon's office.  Amos-Goodwin, 161 F.3d 1 [Holding that since appellants were at-will employees of the Probate Judge and not of the County, they had no right to avail themselves of any grievance procedures established for County employees]; Wambach v. Cheeks, No. 09-2123, 2009 WL 2632176, at * 3 (D.S.C. Aug. 25, 2009)[Counties have no administrative or supervisory authority over Probate Courts]; cf. Allen v. Fidelity and Deposit Co., 515 F.Supp. 1185, 1189-1191 (D.S.C. 1981)["To allow the County to be held accountable for the actions of [an elected official] over whom it has no control as to the manner in which they perform their official duties and whom it cannot hire, fire, discipline or train relative to the performance of the duties of their offices, would be to subject the County to unbridled and unlimited liability over which it has no control and over which it is prevented from exercising such control"], affd, 694 F.2d 716 (4th Cir. 1982) [Table]; Riley v. County of Cook, 682 F.Supp. 856, 860 (N.D.Il. 2010)["Because the sheriff is an independently-elected official, he answers directly to



the electorate and does not have a master/servant relationship with the county [ ].  Since the County cannot control the actions taken by [the Sheriff's] Office, it cannot be charged with vicarious liability"] (internal citations omitted).  Therefore, Plaintiff's Second Cause of Action for negligence (asserted against the Defendant Beaufort County only) should be dismissed.

Similarly, with respect to Plaintiff's Third Cause of Action for breach of contract, since the allegations of Plaintiff's Complaint considered in conjunction with the applicable law clearly establishes that she was not an employee of the County, she cannot have had a "contract" of employment with the County for the County to have breached.  See S.C.Code Ann. § § 14-23-1090 [Probate Court Clerks serve at the pleasure of the Probate Judge]; 4-9-30(7) [Authorizing Counties to "develop personnel system policies and procedures for County employees by which all County employee are regulated *except those elected directly by the people . . . . This employment and discharge authority does not extend to any personnel employed in departments or agencies under the direction of an elected official . . . .*"]; see also Amos-Goodwin, 161 F.3d 1 [Clerks of the Probate Court are at-will employees of the Probate Judge]; Perrine v. G4S Solutions (USA), Inc., No. 11-1210, 2011 WL 3563110, at * 2 (D.S.C. Aug. 9, 2011)["[T]here is a presumption in South Carolina that employees are at-will, and in order to survive a Rule 12 motion to dismiss on a claim for breach of a contract of employment, a Plaintiff must 'plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship . . . .'"], quoting Amason v. P. K. Management, LLC, No. 10-1752, 2011 WL 1100169, at * 6 (D.S.C. Mar. 23, 2011); Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim].  Therefore, Beaufort County is also entitled to dismissal as a party Defendant from Plaintiff's Third Cause of Action for breach of contract.  Murphy v. Jefferson



Pilot Communications Co., 657 F.Supp.2d 683, 693 (D.S.C. 2008)["Only parties to a contract may be sued for a breach of contract cause of action"].

With respect to Plaintiff's Fourth Cause of Action for outrage, Plaintiff concedes that, even if the County were her employer, this claim is barred by the exclusivity provision of the South Carolina Workers' Compensation Act, and consents to the dismissal of the County as a party Defendant in this cause of action. Plaintiff's Brief, p. 6. See S.C.Code Ann. § 42-1-540. In any event, all of the allegedly outrageous conduct set forth in the allegations in the Complaint was committed and perpetrated by the Defendant Simon. Beaufort County is not responsible for the actions of Judge Simon, and no where in Plaintiff's Complaint or the attached Exhibit A to the Complaint does Plaintiff allege any conduct by employees of Beaufort County to establish a claim for outrage against Beaufort County. The County cannot be held vicariously liable for any actions taken by Judge Simon. Robinson v. McBride, No. 13-352, 2013 WL 2099491, at * 4 (D.S.C. Apr. 12, 2013) [Counties do not exercise administrative or supervisory authority over Probate Courts], adopted by, 2013 WL 2099707 (D.S.C. May 14, 2013); Allen, 515 F.Supp. at 1189-1191 [County cannot be held accountable for the actions of elected official over whom it has no control]; Riley, 682 F.Supp. 2d at 860 ["Since the County cannot control the actions taken by [an elected official] it cannot be charged with vicarious liability]. Therefore, Beaufort County is entitled to dismissal as a party Defendant on Plaintiff's outrage claim.

Finally, Plaintiff's defamation claim against the Defendant Beaufort County fails for the simple fact that Plaintiff's Complaint does not contain any allegations linking this Defendant to this claim. In South Carolina, the elements for a defamation claim are: 1) a false and defamatory statement concerning another; 2) an unprivileged publication to a third party; 3) fault on the part of



the publisher; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. Murray v. Holnam, Inc., 542 S.E.2d 743, 748 (S.C.Ct.App. 2001). As alleged in the Complaint, all of the alleged defamatory statements and related conduct which Plaintiff contends support a defamation claim were made or performed by the Defendant Simon. There are no allegations whatsoever anywhere in the Complaint that any employee of the Defendant Beaufort County ever made a false and defamatory statement concerning the Plaintiff and/or made any kind of unprivileged publication of a false and defamatory statement to a third party. Dickson, 309 F.3d at 213 [Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; see also Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"].

Indeed, Plaintiff premises her defamation claim against Beaufort County by stating that it is based on the actions of the Defendant Simon "while acting as an agent, servant or employee of the County". Plaintiff's Response Brief, [Court Docket No. 34], p. 5. However, for the reasons already stated, Plaintiff's Complaint fails to set forth a "plausible" claim that the Defendant Simon was in any way the "agent, servant or employee" of Beaufort County. See S.C.Code. Ann. § 4-9-650 [providing that counties exercise no authority over elected officials of the County]; cf. Hughes v. South Carolina, No. 09-1719, 2009 WL 2060835, at * 3 (D.S.C. July 10, 2009)[Finding that Charleston County cannot be held liable for the actions of the Ninth Circuit Solicitor, an elected official]; Allen, 515 F.Supp. at 1189-1191 [County cannot be held accountable for the actions of elected officials over whom it has no control]; Riley, 682 F.Supp. 2d at 860 [County cannot be charged with vicarious liability for actions of elected official over whom it has no master/servant



relationship]. Therefore, Beaufort County is entitled to dismissal as a party Defendant under this cause of action.

In conclusion, as this Defendant is entitled to dismissal as a party Defendant from all five (5) of the Causes of Action asserted in the Complaint, Beaufort County should be dismissed as a party Defendant in this case. Further, as this Defendant is the only named Defendant in Plaintiff's Second Cause of Action for negligence, this Cause of Action should be dismissed, in toto.

## II.

With respect to the Defendant Simon, this Defendant seeks dismissal of Plaintiff's Third Cause of Action for breach of contract, Fourth Cause of Action for intentional infliction of emotional distress, and Fifth Cause of Action for defamation.[3]

**Breach of Contract**. Plaintiff alleges in her Amended Complaint that from on or about April 2012 through on or about May 18, 2012 she was employed by the Defendant Simon as a Deputy Clerk in the Beaufort County Probate Court. Simon was the Beaufort County Probate Judge. Amended Complaint, ¶¶ 6-8. Plaintiff further alleges that during her period of employment she was exposed to, and was the victim of, a hostile work environment as a result of sexual harassment by the Defendant Simon, and that she was owed an affirmative duty by the Defendant to maintain a work environment free from sexual harassment, intimidation, or insult as well as a duty by the Defendant to remedy the effects of such practices. Amended Complaint, ¶¶ 14-15, 18-19. Finally, Plaintiff alleges that at the time of her hiring, the Defendant "represented and promised, both expressly and impliedly, that the Plaintiff's work environment would be free from sexual

---

[3]Simon is not named as a Defendant in Plaintiff's Second Cause of Action for negligence, and has not moved to dismiss Plaintiff's First Cause of Action alleging sexual harassment.



harassment, intimidation, or insult . . . [and that the Defendant] breached aforesaid agreement by creating, maintaining, condoning, and failing to correct a working environment in which the Plaintiff, as well as others, were exposed to sexual harassment, intimidation, and insult." <u>Amended Complaint</u>, ¶¶ 25-26.

In the attachment to her Complaint, Plaintiff alleges that she was interviewed for a position by Judge Simon, and that after she initially accepted another job, Judge Simon called her and said he would keep the probate position vacant for a little while in case she changed her mind. Plaintiff alleges she then had a follow up phone conversation with Judge Simon in which they discussed "the numbers, wages, benefits, etc. . . .", following which Plaintiff thought about it and then called Judge Simon back a couple of days later to tell him she had decided to go ahead and "come to the County". Plaintiff alleges that Judge Simon advised her at that time that he had already interviewed two other candidates for the position, and she told him that if the position was no longer vacant that was fine. Judge Simon suggested they meet, during which Plaintiff and Judge Simon discussed the job and the fact that both of the other candidates he had interviewed would also be a good fit, with Judge Simon saying he would need some time to think about it. Plaintiff alleges she subsequently received a phone call from Judge Simon the following day offering her the job, which she accepted. <u>See</u> <u>Attachment</u>, p. 1.

The Defendant Simon argues in his motion to dismiss that this claim is subject to dismissal for failure of the Plaintiff to plead the elements of a contract sufficient to take the employer/employee relationship outside of an at-will employment relationship. The undersigned agrees. The necessary elements of a contract are an offer, acceptance, and valuable consideration. <u>Roberts v. Gaskins</u>, 486 S.E.2d 771, 773 (S.C. 1997), citing <u>Carolina Amusement Co., Inc. v.</u>



Connecticut Nat'l Life Ins., Co., 437 S.E.2d 122 (S.C. Ct. App. 1993). Under South Carolina law, in order to prevail on a breach of contract claim, the Plaintiff bears the burden of establishing the existence and terms of the contract, the Defendant's breach of one or more of the contractual terms, and damages resulting from the breach. Taylor v. Cummins Atlantic, Inc., 852 F.Supp. 1279, 1286 (D.S.C. 1994), citing Fuller v. Eastern Fire & Cas.Ins.Co., 124 S.E.2d 602, 610 (S.C. 1962). Further, with respect to employment, there is a presumption in South Carolina that employees are at-will, and therefore in order to survive a motion for summary judgment on a claim for breach of a contract of employment, a Plaintiff must also present "sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship." Perrine, 2011 WL 3563110, at * 2 [Rule 12 motion case] ["[T]here is a presumption in South Carolina that employees are at-will, and in order to survive a Rule 12 motion to dismiss on a claim for breach of a contract of employment, a Plaintiff must 'plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship . . . .'"], quoting Amason, 2011 WL 1100169, at * 6; see also Prescott v. Farmer's Tel. Co-Op., Inc., 516 S.E.2d 923, 927, n. 8 (S.C. 1999)[In South Carolina, "there is a presumption of at-will employment']; S.C.Code Ann. § 14-23-1090 [Probate Court Clerks serve at the pleasure of the Probate Judge].

    Here, a review of the allegations of the Amended Complaint shows that Plaintiff has only alleged in very general and conclusory terms that at the time of her hiring the Defendant represented and promised that her work environment would be free from sexual harassment, intimidation or insult, and that as part of her discussions with Judge Simon prior to taking the job, they discussed "numbers, wages, benefits, etc". These allegations do not establish the existence of an employment contract, as any job is going to involve an offer (by the employer) and acceptance



(by the employee), as well as the terms of the employment (things such as a starting salary, etc.), That does not, however, mean that Plaintiff had a "contract" for employment. Plaintiff has not alleged that she was hired to work for a definite term or that her obtaining a job with Judge Simon had any other indices of a contract of employment, such as buyout provisions, right to severance pay, etc. Frey, 44 F.3d at 671 ["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"]; see also Leeds, 85 F.3d at 53 ["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.].

In her response brief, Plaintiff argues that her description of the nature of her employment and the terms and conditions thereof as contained in the Amended Complaint, in particular that the Defendant promised her a work environment free from sexual harassment, is sufficient to maintain her breach of contract claim, and that the case relied on by the Defendant for dismissal of this claim, Hessenthaler v. Tri-County Sister Help, Inc., 616 S.E.2d 694 (S.C. 2003), was decided on a motion for summary judgment after review of evidence. However, the Defendant correctly notes that other decisions in this District have dismissed breach of contract claims based on claims of general nondiscrimination policies on motions to dismiss; see Defendant's Response Brief, at p. 3, n. 8; and, as noted hereinabove, Plaintiff's Amended Complaint and attachments simply fail to include any factual allegations relating to any specific language from any actual contract, employee handbook, or even Judge Simon himself, to establish a plausible claim "on its face" that she was not an at-will employee. Iqbal, 129 S.Ct. at 1949.

Rather, Plaintiff only generally alleges that at the time of her hiring the Defendant "represented and promised, both expressly and impliedly, that the Plaintiff's work environment



would be free from sexual harassment, intimidation, or insult". <u>Amended Complaint</u>, ¶ 25. This is nothing more than an allegation that the Defendant had a general policy of nondiscrimination, and such policies (assuming the Defendant did in fact have such a policy for purposes of considering Defendant's motion to dismiss) have been routinely held not to, by themselves, constitute a "contract". <u>Cf. Ford v. Musashi S.C.</u>, Inc., No. 07-3734, 2008 WL 4414385 (D.S.C. Sept. 23, 2008), <u>adopting in part and denying in part</u>, 2008 WL 4414497, at * 3 (D.S.C. July 11, 2008)["[U]nder South Carolina law where an employee handbook provides a general policy statement of nondiscrimination such a 'provision does not constitute a promise altering the at-will employment relationship'"]; <u>Fyall v. ATC/Ancom of South Carolina</u>, No. 04-23086, 2005 WL 2656962, at * 4 (D.S.C. Oct. 18, 2005] [same]; <u>Hessenthaler</u>, 616 S.E.2d at 698 [General policy statement of nondiscrimination does not create a contract for employment], citing <u>McKenzie v. Lunds, Inc.</u>, 63 F.Supp.2d 986, 1003 (D.Minn. 1999) and <u>Cherella v. Phoenix Technologies, Ltd.</u>, 586 N.E.2d 29, 31 (Mass. 1992); <u>Cook v. Dolgencorp LLC</u>, No. 12-1314, 2013 WL 5408670 at * * 4 and 9 (D.S.C. Sept. 25, 2013).

Therefore Plaintiff's breach of contract claim is subject to dismissal.

**Claim for intentional infliction of emotional distress**. Plaintiff alleges in her Amended Complaint that while she was employed by the Defendant she was exposed to, and was the victim of, a hostile work environment as a result of sexual harassment by the Defendant which constituted a pervasive and long standing pattern of harassment, intimidation or insult; that during the course of which Simon also repeatedly reminded Plaintiff that he could fire her at any time, for any reason, or for no reason at all; and that this conduct was extreme and outrageous and constituted the State tort of intentional infliction of emotional distress (also known as "outrage"]. <u>See generally</u>,



15

Amended Complaint, ¶¶ 14-15, 20-22, 29-31.

While these are general and conclusory allegations, Plaintiff sets out the specific factual details underlying this claim in the attachment to her Complaint. Plaintiff alleges that during her second week at work Judge Simon said "baby, you look tired" and that that "can't be good for romance in the sheets". The following day, when they were discussing Plaintiff's work schedule and the fact that she was working a second job, Plaintiff alleges that Judge Simon again stated that "being so tired like you are can't be good for romance". Plaintiff further alleges that on May 14, 2012, when she was in Judge Simon's office discussing other matters, Judge Simon started talking about how he was seeing a young woman that had a piercing in her private area, and then discussed how it affected their having sex in very graphic and vulgar terms. Judge Simon also discussed his sexual exploits with an older woman. Plaintiff alleges she found these comments extremely offensive, although she made no protest at that time. Plaintiff alleges that later that afternoon Judge Simon again engaged her in a conversation about his personal life, during which time Plaintiff felt that Simon was "coming on to [her]". Plaintiff alleges she was so upset by Judge Simon's conduct that she became ill after she went home, causing her to miss some work. Plaintiff alleges that while she was out sick, Judge Simon phoned her and apologized for his behavior, and said that he never meant to offend her. Plaintiff told Judge Simon that everything was "just fine", although she later talked to another Judge, Kenneth Fulp, to whom she relayed her true feelings regarding Judge Simon.

Plaintiff alleges that she thereafter returned to work on May 17, 2012, even though she was "very nervous and uncomfortable by coming to work". Plaintiff alleges that Judge Simon asked her if she was going to cut him "any slack on this", at which time Plaintiff told him she was very upset. Plaintiff also alleges that Judge Simon told the rest of the staff that it was Plaintiff who



had initiated the inappropriate conversations, and that she told Judge Simon that she was going to file a complaint. Plaintiff alleges that Judge Simon told her that he thought Plaintiff was the one who was coming on to him, and that if Plaintiff filed a complaint he was certain that he would win. Plaintiff alleges that she and Judge Simon then proceeded to engage in a verbal altercation, with each disputing the others' version of events, and that when Plaintiff told Judge Simon that she had no intention of leaving after he told her she should just resign, he indicated that there was no way they could continue to work together, and that he had the power to do what ever he wanted, including hiring and firing her at-will. See generally, Attachment.

Defendant Simon argues, inter alia, that Plaintiff's outrage claim is barred by the South Carolina Workers Compensation Act. S.C.Code Ann. § 42-1-540. Defendant is correct that the South Carolina Supreme Court has specifically held that claims for intentional infliction of emotional distress are subject to and barred by the South Carolina Workers Compensation Act. Dickert v. Metropolitan Life Ins. Co., 428 S.E.2d 700, 701 (S.C. 1993)[Intentional infliction of emotional distress is within the scope of the Act]; McClain v. Pactiv Corp., 602 S.E.2d 87, 89 (S.C.Ct. App. 2004)["[I]ntentional infliction of emotional distress constitutes a personal injury that falls within the scope of the Act."]; Palmer v. House of Blues Myrtle Beach Restaurant Corp., No. 05-3301, 2006 WL 2708278 (D.S.C. Sept. 20, 2006). However, the Supreme Court has also found that an exception to the exclusivity provision of the Workers Compensation Act can apply where the allegedly intentional conduct was committed by the employer through an "alter ego" of the employer itself. See Edens v. Bellini, 597 S.E.2d 863, 869-870 (S.C.Ct.App. 2004)["An exception to the exclusivity provision exists where the injury is not accidental but rather results from the intentional act of the employer or its alter ego."]. At this stage of the proceedings, considered pursuant to the



standards of a Rule 12 Motion to Dismiss, Plaintiff has set forth a plausible claim "on its face" that Simon and her employer are one and the same.  See Dickert, 428 S.E.2d at 701 [To fall under this exception, the tortfeasor must be a "dominant" corporate owner or officer of the employer]; Sturgis v. Safe Passage, Inc., No. 2000-CP-46-1092, 2002 WL 1362078 at * 3 (S.C. Comm. Pl. Mar. 11, 2002)[Noting difference between assailant merely being a supervisory employee or a person who can genuinely be characterized as the alter-ego of the corporation].  Therefore, the Defendant Simon is not entitled to dismissal of Plaintiff's outrage claim on this basis.

However, while Simon's conduct might fall under an exception to the exclusivity provision of the South Carolina Workers Compensation Act, a claim against Simon under an "alter ego" theory would still be the same as suing a governmental entity itself, and the Defendant correctly notes that claims for outrage or intentional infliction of emotional distress against a governmental entity (including an individual government employee in their official capacity) are barred by the South Carolina Tort Claims Act (SCTCA).  See S.C.Code Ann. § 15-78-30(f) [Excluding claims for intentional infliction of emotional harm under the SCTCA].  However, the South Carolina Tort Claims Act does not grant an employee immunity from suit if it is proved that his conduct was not within the official scope of his employment, or he acts with actual malice, or he has an intent to harm; see McCall v. Williams, 52 F.Supp. 2d 611, 615 (D.S.C. 1999)["SCTCA does not grant an employee 'immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.'"](quoting S.C. Code § 15-78-70(b)(Supp. 1997)); Brown v. County of Berkeley, 622 S.E.2d 533, 537-538 (S.C. 2005) [same]; Sanders v. Prince, 403 S.E.2d 640, 643 (S.C. 1991)[same]; and Plaintiff correctly notes in her reply brief that, notwithstanding the

18



exclusion of outrage claims against governmental entities under the South Carolina Tort Claims Act, she can still sue Simon for his conduct individually. <u>See</u> <u>Southern Holdings, Inc. v. Horry County, South Carolina</u>, No. 02-1859, 2007 WL 896111 at * 8-9 (D.S.C. Mar. 21, 2007)[Discussing allowing claim against Defendant in individual capacity where Defendant is alleged to have acted outside the scope of his employment].

Here, Plaintiff specifically alleges that Simon subjected her to vulgar and graphic sexual comments and related inappropriate conduct, that after she rebuffed Simon's advances he told Plaintiff's co-workers that it was the Plaintiff who was engaging in offensive and inappropriate conduct, and that he then threatened the Plaintiff after she asserted her right to file a complaint by telling her she should resign and that if she did not he had the power to do what ever he wanted to her. At least for purposes of Defendant's motion to dismiss under the standards of Rule 12, these allegations allege that the Defendant acted with an intent to harm sufficient to fall outside of the official capacity restrictions of the South Carolina Tort Claims Act. <u>McCall</u>, 52 F.Supp.2d at 615 [SCTCA does not grant an employee immunity from suit and liability if the employee's conduct constituted actual malice or an intent to harm]; <u>Swicegood v. Lott</u>, 665 S.E.2d 211, 213-214 (S.C.Ct. App. 2011); <u>Austen v. Catterton Partners V, LP</u>, 709 F.Supp.2d 172 (D.Conn. 2010)[Plaintiff only required to provide adequate notice to the defendant of the basis for the lawsuit and to make a claim plausible]. Therefore, at least at this stage of the proceedings, the Defendant Simon is not entitled to dismissal of Plaintiff's outrage claim on the grounds that it is barred by the South Carolina Tort Claims Act. <u>Francis, et al, v. Giacomelli</u>, 588 F.3d 186, 193 (4th Cir. 2009)[Plausibility standard met where the Plaintiff "articulate[s] facts , when accepted as true," that state a plausibility of entitlement to relief]; <u>see</u> <u>Brooks v. Ross</u>, 578 F.3d 574, 581 (7th Cir. 2009)[requirement is that



19

Plaintiff's allegations provide sufficient notice to defendants of the plaintiff's claim].

Defendant further argues, however, that Plaintiff's outrage claim cannot stand because she has also asserted a claim for defamation, and that if another cause of action such as defamation can address a Plaintiff's allegations, the Court will not entertain a claim for outrage, citing to Todd v. South Carolina Farm Bureau Mut. Ins. Co., 321 S.E.2d 602, 613 (S.C.Ct.App. 1984), quashed on other grounds by, 336 S.E.2d 472 (S.C. 1985).  In Todd, the South Carolina Court of Appeals noted that "[t]he tort of outrage was designed not as a replacement for the existing tort actions.  Rather, it was conceived as a remedy for tortious conduct where no remedy previously existed."  The Court of Appeals then noted that an action for defamation was available to the Plaintiff in that case, although Plaintiff's outrage claim was not dismissed on that basis.  Id., at 613.  Defendant also cites to Levine v. Walterboro City Police Dept., No. 05-2906, 2006 WL 2228993, at * 2 (D.S.C. Aug. 3, 2006), where Judge Norton noted that intentional infliction of emotional distress "is a claim of last resort", and that since the Plaintiff in that case could have pursued a defamation claim, Todd "suggests that a claim of intentional infliction of emotional distress cannot lie".  Id.  However, as was the case in Todd, the Court in Levine did not dismiss the Plaintiff's claim for intentional infliction of emotional distress on that basis.  In any event, at this point it is not clear that Plaintiff's claim for defamation will succeed (indeed, Defendant argues that Plaintiff has no viable defamation claim); therefore, at least at this early stage of the proceedings, it would not be proper to dismiss Plaintiff's outrage claim on the grounds that she can instead pursue a claim for defamation.  Cf. In re Building Material Corp. Of America Asphalt Roofing Shingle Products Liability Litigation, Nos. 12-82, 11-2000, 2013 WL 1282223 at * 10 (D.S.C. Mar. 27, 2013)["[P]leadings in the alternative are a common practice in the early stages of litigation."]; Burge Oils, Inc. v. M&F Mktg. Dev. LLC, No.

20



03-11559, 2005 WL 629489 at * 3 (D.Mass. Mar. 12, 2005)[Denying motion to dismiss unjust enrichment claim even where such claim relied on the "same allegations that support the contract-based claims . . . but states an alternative equitable theory of recovery if the contract claims proved insufficient."]. Therefore, the Defendant is also not entitled to dismissal of Plaintiff's outrage claim at this time on this basis.

Finally, Defendant argues that Plaintiff's allegations simply do not meet the high standard for maintaining a claim of outrage under South Carolina law. In order to recover on a claim for intentional infliction of emotional distress, Plaintiff must demonstrate that the Defendant's conduct was so extreme and outrageous that it exceeded all possible bounds of decency, and that the emotional distress suffered by the Plaintiff was so severe that "no reasonable [person] could be expected to endure it." See Argoe v. Three Rivers Behavioral Health, L.L.C., 710 S.E.2d 67, 74 (S.C. 2011); Wright v. Sparrow, 381 S.E.2d 503, 505 (S.C.Ct.App. 1989); Ford v. Hutson, 276 S.E.2d 776, 778 (S.C. 1981); Shipman v. Glenn, 443 S.E.2d 921 (S.C.Ct.App. 1994); Gattison v. South Carolina State College, 456 S.E.2d 414 (S.C.Ct.App. 1995). Defendant contends that Plaintiff's allegations do not meet this standard. See also Corder v. Champion Road Machinery International Corporation, 324 S.E.2d 79, 81 S.C.Ct. App. (1984), citing Hudson v. Zenith Engraving Company, Inc., 259 S.E.2d 812, 814 (1979) [In South Carolina, a plaintiff can only succeed on a claim for intentional infliction of emotional distress "where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."]; cf. Jones v. Clinton, 990 F.Supp. 657, 678 (E.D.Ark. 1998) [conclusory statement by counselor that Plaintiff experienced various symptoms as a result of alleged sex discrimination insufficient to establish severe emotional



distress component.]; <u>DeCecco v. University of South Carolina</u>, 918 F.Sup.2d 471, 520 (D.S.C. 2013). [summary judgement case].

However, although Defendant is correct that courts have dismissed outrage claims on Rule 12 motions to dismiss, given the particular nature of Plaintiff's allegations as set forth by Plaintiff in the attachment to the Complaint, including specifically that the allegedly outrageous conduct was perpetrated not by a co-worker, but by Plaintiff's boss, who had authority over her as well as the power to hire and fire her (and allegedly threatened to fire her if she complained), the undersigned does not find that dismissal of this claim at this time is warranted. <u>Gattison</u>, 456 S.E.2d at 416 [Noting that conduct constituting "hostile or abusive encounters" or "coercive or oppressive conduct" can give rise to an outrage claim under South Carolina law]; <u>Paroline v. Unisys Corp.</u>, 879 F.2d 100, 113 (4th Cir. 1989)[Noting that "sexual harassment may give rise to a claim for intentional infliction of emotional distress under some circumstances"], <u>aff'd in part</u>, <u>rev'd in non-relevant part</u>, 900 F.2d 27 ((4th Cir. 1990); <u>see also</u> <u>Vogt v. Greenmarine Holding, LLC</u>, 318 F.Supp.2d 136, 146 (S.D.N.Y. 2004) [Finding that Plaintiffs had asserted sufficient facts to allege improper conduct by the named defendants, and that "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different question, but plaintiffs are entitled to make the attempt"]. While Defendant may ultimately be able to prevail on this claim at summary judgment, Defendant Simon's motion to dismiss Plaintiff's Fourth Cause of Action for intentional infliction of emotional distress pursuant to a Rule 12 motion should be denied. <u>Twombly</u>, 550 U.S. at 555 [A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough to raise a right to relief above the speculative level]; <u>see also</u> <u>Austen</u>, 709 F.Supp.2d at 172 [<u>Iqbal's</u> plausibility standard "does not impose a probability

22



requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]]; and, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely"]; citing <u>Twombly</u>, 550 U.S. at 556 (internal quotation marks and citations omitted); <u>Wolman v. Tose</u>, 467 F.2d 29, 33, n. 5 (4th Cir. 1972)["Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the Court to infer that all of the required elements of the cause of action are present."].

**Defamation**.  In her Fifth and final Cause of Action, Plaintiff alleges that the Defendant Simon "represented and published to third persons, including the Plaintiff's co-employees, that the Plaintiff welcomed, encouraged, or was the initiator of the sexual harassment", that these representations and publications by the Defendant were false, that they were made intentionally or with reckless disregard for their lack of accuracy, and that they impugned and attacked the chastity of the Plaintiff in violation of S.C.Code. Ann. § 15-75-10.[4]  <u>See</u> <u>Amended Complaint</u>, ¶ ¶ 34-38; <u>see also</u>, Discussion of Plaintiff's allegations, <u>supra</u>.[5]

As was previously discussed in Section 1 of this opinion, <u>supra</u>, in South Carolina

---

[4]S.C. Code Ann. §15-75-10 provides:
If any person shall utter and publish, either by writing or verbally, any words of and concerning any female imputing to her a want of chastity, the person so uttering and publishing such words shall be liable for damages in a civil action brought by the female of whom the words may be uttered and published, without proving any special damage, subject, nevertheless, to the rules of evidence. (emphasis added).

[5]A tort alleging an injury to reputation is not barred by the exclusivity provision of the South Carolina Worker's Compensation Act.  <u>See</u> <u>Ray v. Bechtel Savannah River, Inc.</u>, No. 06-2946, 2007 WL 1960587, at * 2 (D.S.C. July 2, 2007), (citing <u>Cason v. Duke Energy Corp.</u>, 560 S.E.2d 891, 893 (S.C. 202)).  Therefore, that Statute is not at issue with respect to Plaintiff's defamation claim.

23



the elements for a defamation claim are: 1) a false and defamatory statement concerning another;[6] 2) an unprivileged publication to a third party; 3) fault on the part of the publisher; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. Murray v. Holnam, Inc., 542 S.E.2d 743, 748 (S.C.Ct.App. 2001). Further, a statement may be actionable per se where it is both false and defamatory and suggests 1) the commission of a crime of moral turpitude, 2) contraction of a loathsome disease, 3) adultery, 4) unchastity, or 5) unfitness in one's business or profession. Holtzscheither v. Thomason Newspapers, Inc., 506 S.E.2d 497, 508-509 (S.C. 1998).

Plaintiff has alleged the necessary elements for a defamation claim in her Amended Complaint and attachment. Accepting the allegations in the Complaint as true and drawing all reasonable factual inferences in favor of the Plaintiff, she has alleged that Judge Simon told other employees in the Probate office that Plaintiff had initiated inappropriate sexual conversations with him, that these statements were false and that in fact it was Simon who had been making inappropriate and vulgar sexual comments towards her, thereby causing her great humiliation and embarrassment and holding her up to public ridicule and scorn, and damaging her professional reputation. Such conduct, if it in fact occurred, could constitute defamation, and even defamation per se, as the statements are alleged to have been intentionally made to third parties and the alleged defamatory meaning is arguably obvious on the face of the statements themselves. See Holtzscheither, 506 S.E.2d at 508-509 [Defamation allows a plaintiff to recover injury to her

---

[6]Defamatory communications can take two forms: libel and slander. Slander is a spoken defamation, while libel is a written defamation or one accomplished by actions or conduct. Swinton Creek Nursery v. Edisto Farm Credit, 514 S.E.2d 126 (S.C. 1999). As alleged in the Amended Complaint and attachment, Plaintiff is asserting that she was slandered by the Defendant Simon.

24



reputation as the result of the defendant's communication to others of a false message about the plaintiff. The defamatory meaning of a message or statement may be obvious on the face of the statement, in which case the statement is defamatory per se.].[7]

While Defendant argues that Plaintiff's allegations did not sufficiently call into question her chastity, even if the Court were to find this to be the case, Defendant itself concedes in its Brief that slander may be actionable per se if it charges the Plaintiff with, in addition to unchastity, unfitness in one's business or profession or commission of a crime of moral turpitude. See Defendant's Brief, p. 11, n. 46. See also White v. Wilkerson,493 S.E.2d 345, 347-348 (S.C. 1997)[Defamation is actionable per se if it charges the Plaintiff with unfitness in one's business or profession]. Further, Plaintiff does not have to establish a claim of defamation per se in order to proceed with her defamation claim. Holtzscheither, Inc., 506 S.E.2d at 508-509 [Even where the meaning of a message or statement may not be obvious on the face of the statement, a Plaintiff may be able to recover for injury to her reputation as the result of a defendant's communication to others of a false message about the Plaintiff].[8]

---

[7]While this claim, against Simon as the Probate Judge for Beaufort County, would fall under the South Carolina Tort Claims Act; S.C.Code Ann. § § 15-78-30, 50; there is no indication (and indeed Defendant does not argue) that the SCTCA would constitute a defense to this claim at this time. Cf. Yost v. City of Charleston, No. 09-2024, 2009 WL 4162274 (D.S.C. Nov. 24, 2009)[Defamation claim may be maintained against an employer, rather than an agent of the employer, where the defamation is based on one's employment]; King v. Charleston County School Dist., 664 F.Supp.2d 571, 586-587 (D.S.C. 2009); see also, cf. McCall, 52 F.Supp. 2d at 615 ["SCTCA does not grant an employee 'immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.'"](quoting S.C. Code § 15-78-70(b)(Supp. 1997)); Sanders, 403 S.E.2d at 643 [same].

[8]The undersigned acknowledges that, if a defamation claim is not actionable per se, the (continued...)



Therefore, as with Plaintiff's outrage claim, the Defendant is not entitled to dismissal of this claim at this time.  see also Austen, 709 F.Supp.2d at 177 [Iqbal's plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].].

### Conclusion

Based on the foregoing, it is **recommended** that the Defendants' motions to dismiss be **granted** in part, and **denied** in part.

The Defendant Beaufort County's motion to dismiss should be **granted**, in toto, and Beaufort County should be dismissed as a party Defendant in this case.  Further, as the Defendant Beaufort County is the only named Defendant in Plaintiff's Second Cause of Action for negligence, that Cause of Action should also be **dismissed**.

With respect to the Defendant Francis Simon, this Defendant's motion to dismiss should be **granted** with respect to Plaintiff's Third Cause of Action for breach of contract, and that Cause of Action should therefore be **dismissed**.  Defendant Simon's motion to dismiss Plaintiff's Fourth Cause of Action for outrage and Fifth Cause of Action for defamation should be **denied** at this time for the reasons stated.

---

[8](...continued)
Plaintiff must plead and prove common law actual malice and special damages in order to prevail on this claim.  See Holtzscheither, Inc., 506 S.E.2d at 501-502; Fountain v. First Reliance Bank, 730 S.E.2d 305, 309 (S.C. 2012)[same].  Accepting the allegations in the pleadings as true and drawing all reasonable factual inferences in Plaintiff's favor (as this Court is required to do on a Rule 12 motion to dismiss), Plaintiff's allegations should be deemed to have met this requirement.  If, however, the Court determines that Plaintiff has not met these particular pleading requirements, Plaintiff should be allowed to amend her pleading to cure this defect, rather than suffering dismissal of this claim for this reason.



If the Court adopts these recommendations, Plaintiff's First, Fourth and Fifth Causes of Action will proceed against the Defendant Simon only.

The parties are referred to the Notice Page attached hereto.

_____

Bristow Marchant
United States Magistrate Judge

January 24, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

28
