IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Tiffany Poloschan, )
)
          Plaintiff, )
)   Civil Action No. 9:13-1937-SB-BM
v. )
)   **ORDER**
Francis M. Simon and Beaufort County, )
)
          Defendants. )
_____)



      This matter is before the Court upon Plaintiff Tiffany Poloschan's ("the Plaintiff" or "Poloschan") amended complaint, which alleges sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–e17 and 42 U.S.C. § 1981, as well as state law claims for breach of contract, outrage (or intentional infliction of emotional distress), defamation, and negligence (as to Beaufort County only). On September 9, 2013, Defendant Francis M. Simon ("Simon") filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and on September 10, 2013, Defendant Beaufort County also filed a motion to dismiss. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C.[1]

      On January 24, 2014, the Magistrate Judge issued a report and recommendation ("R&R"), outlining the issues and recommending that the Court grant Defendant Beaufort County's motion to dismiss and that the Court grant in part Defendant Simon's motion. Simon filed objections to the R&R, and the matter is ripe for review.

---

[1] This case is related to another suit brought against the same Defendants by Kerri Ray for comparable conduct. See Ray v. Simon, Civil Action No. 9:13-cv-2013-SB-BHH.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility for making the final determination remains with the Court. Mathews v. Weber, 423 US. 261, 269 (1976). The Court reviews de novo those portions of the R&R to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II. Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombley, 550 U.S. 544, 556, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The court must accept all well-pleaded facts as true and construe these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the claim. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009). Legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pleaded facts for Rule 12(b)(6) purposes. See id. at 255. To survive a Rule 12(b)(6) motion, a complaint must give the defendant "fair notice

2

of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).

## ANALYSIS

As an initial matter, no party has objected to the Magistrate Judge's statement of the facts. After review, the Court finds that the Magistrate Judge's factual recitation accurately reflects the record, and the Court adopts this portion of the R&R. Summarized briefly, in her complaint and attached statement, the Plaintiff, who was employed as a deputy clerk in the Beaufort County Probate Court from approximately April of 2012 through May 18, 2012, alleges that she was subject to a hostile work environment as a result of various allegations of sexual harassment perpetrated by her supervisor, Beaufort County Probate Judge Francis M. Simon.[2] She has sued Beaufort County and Probate Judge Simon pursuant to Title VII of the Civil Rights Act of 1964, and she has alleged a claim for negligence against Beaufort County and claims for breach of contract, outrage, and defamation against both Defendants.

### Defendant Beaufort County

In the R&R, the Magistrate Judge first considered Defendant Beaufort County's motion to dismiss. The Magistrate Judge noted that in South Carolina a county has "no authority over the personnel actions of Probate employees" because such employees are

---

[2] For example, she alleges that Simon grabbed her hand during her initial interview and told her that she looked "appetizing"; that Simon made comments to her about how working two jobs "can't be good for romance in the sheets" and that "being so tired like you are can't be good for romance"; that Simon talked to her in vulgar language about how he was seeing a young woman with a piercing on her private parts and how it affected their intercourse; and that he talked to her about the size of his penis and how he was really great in bed for his age.

3

"employees of an elected official, the Probate Judge, and [are] not County employees . . . ." Walters v. Orangeburg County, No. 99-1115, 2000 WL 33417008, *5 (D.S.C. Aug. 1, 2001) (internal citations omitted) (citing Amos-Goodwin v. Charleston County Council, 1998 WL 610650, at *1 (4th Cir. Aug. 27, 1998) (finding that employees of the Probate Court were at-will employees of the Probate Judge, and that the authority of the County to employ and discharge County personnel did not extend to any personnel employed in departments or agencies under an elected official)). Because the Plaintiff was a deputy clerk of the Probate Judge and thus an at-will employee of the Probate Judge, the Magistrate Judge determined that the Plaintiff could not state a plausible claim that Beaufort County was her employer for purposes of a Title VII civil rights action. Therefore, the Magistrate Judge recommended dismissal of this claim against the County. No party has objected to this conclusion, and the Court finds no clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note). Accordingly, the Court adopts this recommendation.

Next, the Magistrate Judge determined that because the Plaintiff was not employed by Beaufort County, she also could not state a plausible claim for negligence against the County based on its alleged failure to adopt an effective policy for the discovery and reporting of sexual harassment, or its allowing a pervasive atmosphere of sexual harassment to exist in Judge Simon's office. Therefore, the Magistrate Judge recommended that the Court dismiss the Plaintiff's negligence claim against the County.

4

Likewise, the Magistrate Judge recommended that the Court dismiss the Plaintiff's breach of contract claim against the County based on the fact that the Plaintiff was not an employee of the County and had no contract with the County. Next, the Plaintiff conceded that even if the County were her employer, the exclusivity provision of the South Carolina Workers' Compensation Act would bar her claim for outrage against the County. Based on the Plaintiff's concession, and because the County is not responsible for the conduct of Defendant Simon and cannot be held vicariously liable for it, the Magistrate Judge recommended that the Court dismiss the Plaintiff's claim for outrage against the County. Finally, the Magistrate Judge recommended that the Court dismiss the Plaintiff's defamation claim against Beaufort County based on the Plaintiff's failure to include allegations linking the Defendant to the claim. No party has objected to the Magistrate Judge's recommendation that the Court dismiss the Plaintiff's negligence, breach of contract, outrage, and defamation claims against Defendant Beaufort County, and the Court finds no clear error and therefore adopts these recommendations.

### Defendant Simon

Defendant Simon filed a motion to dismiss the Plaintiff's third cause of action for breach of contract, her fourth cause of action for outrage (or intentional infliction of emotional distress), and her fifth cause of action for defamation. The Magistrate Judge considered the Defendant's arguments and recommended dismissal of the breach of contract claim but not the outrage or defamation claims. No party has objected to the Magistrate Judge's recommendation that the Court dismiss the breach of contract claim, and, finding no clear error, the Court adopts that recommendation.

With respect to the outrage claim, however, Defendant Simon does object to the

Magistrate Judge's recommendation, arguing (1) that the Plaintiff's outrage claim fails to the extent it relies on the same facts underlying her defamation claim and (2) that it fails because the allegations are not so extreme and outrageous as to constitute outrage under South Carolina law. In her response to Defendant Simon's objections, the Plaintiff first points out that "Simon appears to be modifying his request that the outrage claim be dismissed *in toto*, to requesting that it be dismissed simply to the extent that it is relying upon the defamation claim." (Entry 50 at 3.) The Plaintiff admits that her outrage claim would fail if the only thing she alleges that Defendant Simon did to her was to defame her. Importantly, however, the Plaintiff points out that her outrage claim does not depend solely on the allegations of defamation. Instead, the Plaintiff also alleges that Simon sexually harassed, embarrassed, and humiliated her, and she argues that Simon's conduct was outrageous even without the alleged defamation.

After review, the Court agrees with the Plaintiff. In addition, to the extent that Simon argues that the Plaintiff has failed to allege facts sufficient to state a claim for outrage, the Court disagrees. Although the alleged wrongful conduct was largely verbal communication, as the Magistrate Judge noted, the alleged conduct was perpetrated against the Plaintiff not by a co-worker, but by her boss, who had the power to hire and fire her. Therefore, after consideration, the Court fully agrees with the Magistrate Judge's recommendation and finds that, at this time, dismissal of the Plaintiff's outrage or intentional infliction of emotional distress claim is not warranted. Defendant Simon's objection is overruled.

Defendant Simon also objects to the Magistrate Judge's recommendation that the Court deny his motion to dismiss the Plaintiff's defamation claim, arguing that the Plaintiff's defamation claim is limited to a claim under South Carolina Code Section 15-75-10, which

provides:

> If any person shall utter and publish, either by writing or verbally, any words of and concerning any female imputing to her a want of chastity, the person so uttering and publishing such words shall be liable for damages in a civil action brought by the female of whom the words may be uttered and published, without proving special damage, subject, nevertheless, to the rules of evidence.

S.C. Code § 15-75-10.

In response, the Plaintiff asserts that the Defendant is reading the amended complaint too narrowly because although one paragraph alleges defamation pursuant to S.C. Code § 15-75-10, the complaint includes additional allegations regarding alleged statements Simon made to the Plaintiff's co-workers "that the Plaintiff welcomed, encouraged, or was the initiator of the sexual harassment," and that the Plaintiff lied to everyone to cover up her unlawful conduct.

After review, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Here, in accepting the allegations of the Plaintiff's complaint as true and in drawing all reasonable inferences in her favor, the Court fully agrees with the Magistrate Judge that the Plaintiff's allegations could constitute defamation, and even defamation per se, as the statements are alleged to have been intentionally made to third parties, and the alleged defamatory meaning is obvious. Therefore, the Court agrees with the Magistrate Judge that Defendant Simon is not entitled to dismissal of this claim at this time. Defendant Simon's objection is therefore overruled.

## **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that the R&R (Entry 42) is adopted

7

and incorporated herein; Defendant Simon's objections (Entry 49) are overruled; Defendant Beaufort County's motion to dismiss (Entry 33) is granted and Beaufort County is dismissed as a party Defendant; and Defendant Simon's motion to dismiss (Entry 31) is granted in part and denied in part. Specifically, the Court grants Defendant Simon's motion as to the Plaintiff's breach of contract claim but denies his motion as to the Plaintiff's outrage and defamation claims.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

April **28**, 2014
Charleston, South Carolina


#8